Sol Wachtler, J.
Petitioner and the Viet Nam Veterans Against the War, are petitioners in an article 78 proceeding to compel the County of Nassau, the Town of Hempstead, and the Villages of Westbnry, Mineóla, Hempstead, and Garden City, to issue to the petitioners, parade or marching permits to enable them to march or parade through these villages on October 16, 1971.
Applications for permits to march were made to the villages in question, each of which denied permission for the march. Each of the villages, in the papers submitted as well as on oral argument, has stated its reasons for the denial of the parade permits. The Villages of Mineóla and Westbnry indicate that the use of the streets for a parade would be dangerous to the health, safety and welfare of the citizens of the villages. The Village of Garden City indicates, among other objections, that the village will be required to pay overtime to members of the Police Department to maintain order during the parade. The Village of Hempstead indicates that to permit the parade along one of its busiest commercial streets would create disorder and a disruption of traffic flow in the area.
All of the villages rely on subdivision 44 of section 89 of the Village Law which states that a village ‘ ‘ may regulate parades and public assemblages in streets and public places of the village ”. There is no question but that a village has this power. Similarly, there is no question but that peace and order must be maintained and a municipality has every right and a basic duty to its citizenry to regulate any parade or demonstration so as to protect that citizenry from severe inconvenience or general disturbance. However, it should not be suggested that the Village Law of the State of New York arms a village with an instrument sharp enough to excise the guarantees afforded by the Constitution of the United States.
The court does not question the sincerity on the part of the various village boards in their denial of the permits. They profess, and the court has no reason to question their motives, that their prime concern is with the welfare of the community as well as of the marchers themselves; however, the law does not permit them to arbitrarily make this evaluation when the use of the public streets is involved. These streets, have immemorially, been held in trust for the use of the public, and the court has been shown no justifiable or adequate reason for the refusal on the part of the villages to issue the parade permits.
As the United States Supreme Court stated in the case of Shuttlesworth v. Birmingham (394 U. S. 147, 153) “when the use of its public streets and sidewalks is involved, therefore, a *735 municipality may not empower its licensing officials to roam essentially at will, dispensing or withholding permission to speak, assemble, picket, or parade, according to their own opinions regarding the potential effect of the activity in question on the ‘ welfare, ’ ‘ decency, ’ or ‘ morals ’ of the community. ’ ’
Accordingly, the appropriate authorities within these villages - are directed to issue the permits allowing petitioners to march on October 16, 1971 within their villages as requested in the submitted applications. Neither the County of Nássau nor the Town of Hempstead is a proper party to this proceeding and the petition insofar as it relates to these respondents is dismissed.