In the Matter of GREGORY KANE et al., Respondents, v. COUNTY OF NASSAU et al., Respondents, and VILLAGE OF WESTBURY et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to compel the issuance of permits for marching or parading in and through the six municipalities who are respondents in the proceeding, the appeals are by two of the municipalities, the Villages of Westbury and Hempstead, as limited by their joint brief, from so much of a judgment of the Supreme Court, Nassau County, dated October 14, 1971, as directed the proper authorities of the appellant villages to issue such permits to petitioners, upon payment of any proper fees. Judgment modified, on the law, by (1) inserting in the decretal paragraph which directs that permits be issued, immediately after the word "Villages", the following: "except the Village of Hempstead" and (2) adding a provision that the proceeding, insofar as it is against the Village of Hempstead, is remanded to the Special Term for further proceedings not inconsistent with the views set forth herein. As so modified, judgment affirmed insofar as appealed from, without costs. Petitioners, Gregory Kane and the Vietnam Veterans Against the War, Incorporated, sought to compel the Villages of Hempstead and Westbury to issue to them a parade permit which would enable them to march through these villages on October 16, 1971 as part of a larger demonstration against the Vietnam war. Both of these villages denied petitioners the requisite permits. The Village of Hempstead predicated its denial on the ground that the route of the proposed march was through the busiest shopping area in that village during the peak shopping hours (Saturday afternoon). To allow the planned march under such circumstances, it argued, would cause considerable confusion and traffic problems and in general be a hazard to *all* concerned. On the record before us such denial does not appear to be arbitrary and on its face is legally sufficient. In our opinion Special Term improperly substituted its judgment for that of the local authorities responsible for the safety of the citizens of the Village of Hempstead when it directed the officials

of that village to issue a parade permit. Petitioners contend that their First Amendment rights of assembly and free speech were violated by the denial for two reasons. First, the broad subjective criteria set forth in the ordinance requiring a parade permit subjected the exercise of First Amendment freedoms to an unconstitutional prior restraint. Second, the denial of a permit under the instant circumstances was discriminatory, in that other organizations such as the American Legion, Veterans of Foreign Wars, and Army, Navy and Marine units were allegedly allowed to parade. As to the first contention, the decision in *Cox* v. *New Hampshire* (312 U. S. 569) is helpful. In that case the Supreme Court of the United States specifically upheld the right of municipalities to regulate parades upon public streets. Furthermore, the parade permit ordinance of the Village of Hempstead does not run afoul of the Constitution since it does not, as alleged, confer upon local authorities an unfettered discretion to grant or deny parade permits. A denial under the ordinance of that village must be founded, as set forth in the ordinance, upon a "good reason to believe that the proposed procession or parade will be disorderly in character or tend to disturb the public peace." Despite such requirement, however, the allegation of discrimination leaves unresolved the question as to whether the determination of the existence or nonexistence of the prescribed "good reason" was made other than in conformity with a just method of treatment upon the facts of each application. Accordingly, the matter of the Village of Hempstead parade permit should be remanded to Special Term to afford petitioners an opportunity to establish the alleged discrimination against them. In resolving that question, a finding that other organizations, albeit exempt from the permit requirements of the ordinance, were allowed to march through the busy thoroughfares of the Village of Hempstead on a Saturday afternoon would clearly suggest discrimination. It is important to note that although the protest march for which the parade permit was sought took place, as scheduled, pursuant to the judgment presently on appeal, our normal judicial reluctance to decide moot issues gives way when a case, as this one, raises "important constitutional issues" and the "controversy is of a character which is likely to recur" (*East Meadow Community Concerts Assn.* v. *Board of Educ. of Union Free School Dist. No. 3,* 18 N Y 2d 129, 135; *Matter of Bell* v. *Waterfront Comm. of N. Y. Harbor,* 20 N Y 2d 54, 61; *Matter of 330 Rest. Corp.* v. *State Liq. Auth.,* 26 N Y 2d 375). With respect to the denial of a permit by the Village of Westbury, a different result is warranted. That village alleged in its answer to the petition that "in view of the lack of details as to the number of persons involved [in the planned protest march], number of cars, policing to be provided it was justifiable for the respondent Board of Trustees of the Village of Westbury to deny the permit as requested as one that would endanger the public health or safety or that would be detrimental to the public welfare". While this denial would perhaps suffice if the Westbury Village ordinance required an applicant for a permit to set forth in the application certain details of the proposed parade, the Westbury Village ordinance relating to parades and processions does not so require. Even without a specific requirement in the ordinance for details concerning the proposed march, however, the Village of Westbury's denial of a permit would have been proper if petitioners had refused to give details concerning their planned protest march when requested by village officials. The record, however, is barren of any such request by the officials of the Village of Westbury. Under such circumstances no adequate reason for the refusal of the Village of Westbury to grant a permit was shown. In view of this conclusion, it is not necessary to remand for a resolution of the allegation of

discriminatory enforcement of the Westbury Village's ordinance as is the case with respect to the denial of a permit by the Village of Hempstead. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur. [67 Misc 2d 733.]